| | |
|---|---|
| **Elizabeth Wiseman**<br>2709 Woodland Avenue<br>Baltimore, Maryland 21215<br><br>Plaintiff,<br><br>v.<br><br>**Wal-Mart Stores, Inc.**<br>Serve on: The Corporation Trust, Inc.<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>and<br><br>**Wal-Mart Stores East, LP**<br>Serve on: The Corporation Trust, Inc.<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | **IN THE CIRCUIT COURT**<br><br>**FOR**<br><br>**BALTIMORE COUNTY**<br><br>CASE NO. _03-C-16-11111_ |

RECEIVED AND FILED  2016 NOV -2 PM 1:00  CLERK OF THE CIRCUIT COURT BALTIMORE COUNTY

### COMPLAINT

Plaintiff, Elizabeth Wiseman, by and through her attorneys, Lauren Geisser, Scarlett M. Corso and Gilman & Bedigian, LLC, sues Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP, Defendants (hereinafter "Defendants") and states as follows:

### FACTS COMMON TO ALL COUNTS

1.   That the all events giving rise to this lawsuit occurred in Carroll County, Maryland.

2.   That on or about June 28, 2014, Plaintiff was a lawful invitee in the Defendants' store located at 9750 Reisterstown Road in Owings Mills, Maryland (Store #2290) with the purpose of patronizing the Defendants' store (hereinafter the "Premises").

3.   That upon information and belief the premises is owned, operated, managed, controlled, and maintained by Defendant(s).

EXHIBIT 1

4.      That on June 28, 2014, as the Plaintiff was patronizing and shopping in the Premises, Plaintiff slipped and fell on an unknown liquid substance in the detergent section of the Premises, injuring her body, back, neck, shoulder and knee. As a result, Plaintiff sustained severe and permanent injuries.

## COUNT I
### (Negligence- Defendants)

5.      Plaintiff adopts by reference the allegations contained in paragraphs 1 through 4 of this Complaint, and all other counts, with the same effect as if herein fully set forth.

6.      That Defendants retained exclusive ownership, possession, control and/or supervision of and over the said premises.

7.      That as an invitee, Defendants owed the Plaintiff, a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

8.      That Defendants were negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy her patronage including but not limited to permitting a dangerous an hazardous condition to remain on the floor, i.e. an unknown liquid substance; failing to warn the Plaintiff of the dangerous and hazardous condition on the floor, i.e. an unknown liquid substance; failing to remedy and/or repair and/or clean the hazardous and dangerous substance on the floor, i.e. the unknown liquid substance; and were otherwise negligent in causing this accident.

9.      That Defendants were further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendants failed to warn

2

EXHIBIT 1

Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing her to be injured.

10.     That as a proximate result of the negligence of the Defendants, Plaintiff, was caused to be seriously, painfully, and permanently injured about the head, back, neck, body and limbs.

11.     Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

12.     The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Elizabeth Wiseman, demands judgment against Defendants for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

**COUNT II**
(Premise Liability-Defendants)

13.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 12 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

14.     That Defendants retained exclusive ownership, possession, control and/or supervision of and over the said premises.

3

EXHIBIT 1

15.     That as an invitee, Defendants owed the Plaintiff, a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

16.     That Defendants were negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy her patronage including but not limited to permitting a dangerous an hazardous condition to remain on the floor, i.e. an unknown liquid substance; failing to warn the Plaintiff of the dangerous and hazardous condition on the floor, i.e. an unknown liquid substance; failing to remedy and/or repair and/or clean the hazardous and dangerous substance on the floor, i.e. the unknown liquid substance; and was otherwise negligent in causing this accident.

17.     That Defendants were further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendants failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing her to be injured.

18.     That as a proximate result of the negligence of the Defendants, Plaintiff was caused to be seriously, painfully, and permanently injured about the head, back, neck, body and limbs.

19.     Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

4

EXHIBIT 1

20.     The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Elizabeth Wiseman, demands judgment against Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

Lauren Geisser
Scarlett M. Corso
GILMAN & BEDIGIAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
(410) 560-4999
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

Scarlett M. Corso

5

EXHIBIT 1