## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ELIZABETH WISEMAN,　　　　　　*

　　　Plaintiff,　　　　　　　　*

v.　　　　　　　　　　　　　　　　　　Civil Action No:  1:16-cv-04030-SAG

　　　　　　　　　　　　　　*

WAL-MART STORES, INC., *et al.,*

　　　　　　　　　　　　　　*

　　　Defendants.　　　　　　*

　　　　　　　　　　　　　　*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE EXPERT WITNESS DESIGNATION AND RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT OPINION TESTIMONY AND RELATED INFORMATION INCLUDING MEDICAL RECORDS AND BILLS PURSUANT TO FED. R. CIV. P. 37(C)(1)**

Plaintiff, Elizabeth Wiseman ("Plaintiff"), by and through her counsel, Scarlett M. Corso and Gilman & Bedigian, LLC, pursuant to Fed. R. Civ. Pro. 26(a)(2), Fed. R. Civ. Pro. 37(c)(1), and Local Rules 103.9 and 104.10, for good cause, hereby moves for leave of Court to file her Expert Witness Disclosure, submitted contemporaneously herewith, and hereby files this Response in Opposition to Defendants' Motion in *Limine* to exclude Plaintiff's Expert Opinion Testimony and Related Information Including Medical Records and Bills, and states the following in support thereof:

### INTRODUCTION

The subject case arises out of an incident that occurred on June 28, 2014 at the Walmart store owned and operated by the Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP ("Defendants"), located at 9750 Reisterstown Road in Owings Mills, Maryland (Store #2290) (the "Store") whereby Plaintiff, a business invitee, slipped and fell in a dark liquid on the Store's floor, which caused her serious and significant injury. *See, generally,* Complaint.

## PROCEDURAL HISTORY[1]

The Scheduling Order was issued in this case on December 27, 2016. Pursuant to the Scheduling Order, Plaintiff's Rule 26(a)(2) disclosures were due by February 27, 2017, Defendant's Rule 26(a)(2) disclosures were due by March 27, 2017, and the Discovery deadline was May 11, 2017.

Simultaneously with the service of the original Complaint on November 28, 2016, Plaintiff served discovery requests[2] upon the Defendants in the form of Interrogatories and Requests for Production of Documents. (*See* Affidavits of Service, attached hereto as Exhibit A). Defendants served Plaintiff with discovery requests in the form of Interrogatories and Requests for Production of Documents on January 12, 2017, subsequent to the removal of this case to Federal Court. (*See* Notice of Service of Discovery, attached hereto as Exhibit B).

On January 18, 2017, defense counsel asked whether new discovery requests would be submitted or, in the alternative for an extension of thirty (30) days "from the date of [the undersigned's] response" to respond to the existing set of discovery requests. (*See* January 18, 2017 Letter, attached hereto as Exhibit C). In response, on February 2, 2017, the undersigned proposed that Defendants respond to the original discovery requests, a discovery extension until March 2, 2017, and the postponement of the Plaintiff's Deposition pending the exchange of written discovery. (*See* February 2, 2017 and February 7, 2017 Emails, attached hereto as Exhibit D). In response, defense agreed to a discovery extension until March 7, 2017 for the parties to exchange written discovery responses and proposed the deposition of the Plaintiff on March 17, 2017 as well as any other "fact witnesses," who she wanted also to depose on March 17, 2017. (*See* Ex. D). Defendants'

---

[1] Although the Defendants provide a brief synopsis of this Case's procedural history in their Motion in *Limine,* due to its brevity and omissions of various pleadings, substantive events and important correspondence, the procedural history warrants a more in-depth synopsis for this Court.

[2] At the time Plaintiff served her discovery requests, this matter was in State Court and, therefore, Plaintiff's requests exceeded the limit permitted by this Court's Local Rules.

issued a Notice of Deposition of the Plaintiff on February 16, 2017, which included a document schedule of twenty-eight (28) items requested to be produced at Plaintiff's Deposition. (*See* Notice of Deposition of Plaintiff, attached hereto as Exhibit E).

On March 10, 2017, only *one day* after being served with the Defendants' discovery responses and only *three days* after the mutually agreed upon written discovery deadline, Plaintiff served *both* her Answers to Interrogatories and her Responses to Requests for Production of Documents upon the Defendants[3]. (*See* March 10, 2017 Email, attached hereto as Exhibit F). In response to Interrogatory No. 4, in which Plaintiff was, *inter alia,* requested to identify her expert witnesses, she responded that she had, "yet to identify any experts in this case, although [she] expressly reserves the right to do so at any stage prior to trial, in accordance with any deadlines established by the Court. Plaintiff also reserves the right to call any expert called or identified by any other party." (*See* Plaintiff's Answers to Defendants' Interrogatories, attached hereto as Exhibit G) (emphasis added). In Plaintiff's Answers, she provided an itemized list of all the damages she alleges are caused by the Defendants' negligence and referred the Defendants "to Plaintiff's Medical Records and Bills" in support of her claim for damages. (*See* Ex. G, at No. 8). She further identified her primary care physician, Dr. Shastine Abate as having treated the Plaintiff prior to and subsequent to the Occurrence. (*See* Ex. G, at No. 12). With her Responses to Defendants' Requests for Production of Documents, Plaintiff produced two hundred thirty four (234) pages of medical bills and records related to treatment received for her injuries sustained as a result of the Occurrence, as well as photographs of those injuries.

On March 14, 2017, the undersigned received a letter from defense counsel, inaccurately claiming to have received Plaintiff's discovery responses on March 13, 2017, and further requesting

---

[3] There is absolutely no evidence that Defendants ever had to submit "multiple requests" to the Plaintiff to obtain her discovery responses, as alleged by Defendants in their Motion. *See* Defendants' Motion in *Limine* at ¶5.

"supplemental answers and responses no later than Thursday, March 16, 2017 at 5:00 p.m." (*See* March 14, 2017 Letter, attached hereto as Exhibit H). Defense counsel did not request a clarification of Plaintiff's Answer to Interrogatory No. 4, but did request a myriad of documentation purportedly related to Plaintiff's lost wage claim, as well as the execution of a blank HIPAA release. (*See* Ex. H).

On March 15, 2017, undersigned counsel emailed defense counsel, noting the unreasonable two-day "deadline" of the requested supplementation and also served objections to Defendants' Notice of Deposition of Plaintiff. (*See* March 15, 2017 Email, attached hereto, as Exhibit I). Plaintiff therein addressed every discovery deficiency raised by the Defendants and supplemented where able at that time. (*See* Ex. I).

On March 17, 2017, the Defendants deposed not only the Plaintiff, but also her mother, her son, and her grand-daughter, all of whom were voluntarily identified prior to the exchange of discovery as witnesses to the Occurrence and/or the Plaintiff's pain and suffering. The Plaintiff further executed in person, *at the Defendants' request,* medical authorizations to disclose health information addressed to the following medical treatment providers: (1) Dr. Shastine Abate, M.D.; (2) OrthoMaryland- Center for Advanced Orthopedics; (3) Advanced Radiology; (3) Patient First-Owings Mills; and (4) Northwest Hospital. (*See* Medical Authorizations, attached hereto as Exhibit J). Since Plaintiff's deposition on March 17, 2017, Defendants have never noted any other objection to the sufficiency of Plaintiff's discovery responses.

On March 27, 2017, Defendants filed their Fed. R. Civ. P. 26(a)(2) Disclosure. (*See* Defendants' Rule 26(a)(2) Disclosure, attached hereto as Exhibit K). In that Disclosure, in addition to designating Jason A Stein, M.D. as a medical treatment expert, Defendants "reserve[d] the right to call to testify any health care providers who have provided any care and treatment at any time to Plaintiff Elizabeth Wiseman whether for this incident or other alleged incidents. See Plaintiff's medical records for written reports which are in the possession of Plaintiff and/or her counsel." (*See*

Ex. K). Accordingly, even in their *own* Expert Disclosure, Defendants designated Plaintiff's health care providers as experts and relied upon the medical records produced by the Plaintiff as the "written reports" of those health care providers. (*See id.*).

On April 10, 2017, Defendants issued subpoenas for medical records and bills to the Plaintiff's following health care providers: Walmart Pharmacy, Premier Orthopedics, and Nasser Nasseri, M.D. (*See* April 10, 2017 Subpoenas, attached Exhibit L).

On April 27, 2017, in conjunction with serving yet *another* supplement to her discovery responses, the undersigned emailed defense counsel with a copy of Plaintiff's Expert Witness Disclosure being made "pursuant to 26(a)2(A) & (B) and local rule 104.10." (*See* April 27, 2017 Email and Plaintiff's Expert Witness Disclosure, attached hereto, respectively, as Exhibits M and N). In the undersigned's email, she acknowledged the passage of the Plaintiff's Rule 26(a)(2) disclosure deadline, but noted she was, "only designating Plaintiff's treating physicians as expert witnesses in the designation and there are no further medical reports that we possess or intend to include, other than those medical records and bills which were previously provided to [Defendants] with Plaintiff's discovery responses, prior to the Rule 26(a) disclosure deadline." (*See* Ex. M). The undersigned further agreed to submit any expert witness for deposition after the discovery deadline. (*See id.*) She also confirmed, "[i]n the spirit of cooperation and full disclosure, I <u>only</u> intend to call Dr. Chad Zooker at trial." (*Id.*). The undersigned requested defense counsel to advise if she intended to object to the designation by close of business on May 1, 2017 so that Plaintiff could seek court intervention if necessary. (*See id.*).

<u>Instead of defense counsel responding to Plaintiff's April 27, 2017 Email</u>, on May 1, 2017, Defendants preemptively filed the subject Motion in *Limine*. In response to receiving the subject Motion in *Limine*- and amidst an ongoing discovery dispute whereby Defendants repeatedly refused to respond to Plaintiff's Requests for Production of Documents- Plaintiff advised Defendants she

would be filing a Motion for Leave to file her Expert Witness Disclosure. (*See* May 1, 2017 Email, attached hereto as Exhibit O).

## STATEMENT OF LAW

A discussion of the rules and case law governing disclosure of expert witnesses bears close examination. It is true, as noted by the Defendants, that Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose "the identity of any witness [they] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED.R.CIV.P. 26. And it is further true that Rule 26(a) (2)(B) requires litigants to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." *Id.* For witnesses disclosed under FED.R.CIV.P. 26(a)(2)(A), the "comprehensive disclosure of a written report…are not required." *Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 500 (D. Md. 1997). Hybrid fact/expert witnesses, such as treating physicians are exempt from the FED.R.CIV.P. 26(a)(2)(B) disclosure requirements, although the disclosure of the hybrid fact/expert witness and the subject matter upon which he/she is expected to present evidence is still required. Local Rule 104.10; *see also, Ace Am. Ins. Co. v. McDonald's Corp.,* No. CIV.A. GLR-11-3150, 2012 WL 2523883, at *4 (D. Md. June 28, 2012). As confirmed by the Court, "[t]o the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury," then no Rule 26(a)(2)(B) statement is required. *Sullivan* 175 F.R.D., at 501.

If a party fails to make an expert witness disclosure required by Rule 26(a), the party is not allowed to use that witness disclosure "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(3)(A). Discovery of expert opinion testimony may be obtained by interrogatories and by deposition, and while there is a duty to supplement expert witness disclosures,

"[s]upplementation…is not required if the corrective information has been provided 'during the discovery process,' which includes document production, written discovery responses and deposition testimony." *Sullivan,* 175 F.R.D., at 502. In supplementing expert witness disclosures, "counsel would seem well advised to err on the side of overinclusiveness." *Id.,* at 503. When counsel forgoes the option to file a motion to compel, and instead seeks to simply block the expert testimony at trial, "the court must decide whether to impose what has traditionally been considered a severe sanction, appropriate only for willful and substantial abuse of the discovery process." *Id.,* at 504.

In *Sullivan,* the only case cited to by the Defendants, the defendant filed a motion to exclude the testimony of plaintiff's expert witnesses on the basis that plaintiff had failed to provide complete disclosures as required by FED.R.CIV.P. 26(a)(2), all of whom were health care providers who had treated the plaintiff and none of whom had been retained for the purpose of providing expert testimony at trial. *Sullivan,* 175 F.R.D., at 498-499. In *Sullivan,* the Court determined that the hybrid fact/expert witnesses disclosed by the plaintiff were limited to only providing opinion testimony based on their actual treatment of the plaintiff and afforded the defendant 30 days to take the hybrid fact/expert witnesses' depositions and another 21 days thereafter to designate any rebuttal experts. *See id.*, at 508. In reaching this decision, the Court created a four part test to determine whether an untimely or insufficient designation or supplementation of an expert witness was substantially justified or harmless to the opposing party:

> In determining whether or not the automatic exclusion provisions of Rule 37(c)(1) should be applied to exclude expert testimony, the court should consider four factors in assessing whether there was substantial justification for the failure to disclose or harmlessness to the opposing party: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Id.,* at 506–07.

With respect to the first factor, the Court needs to determine if the exclusion of the expert's testimony is fatal to the Plaintiff's case because, if so, it has been suggested that it would be abuse of authority to exclude it. *See id.,* at 507. With respect to the second factor, the Court may consider whether the failure to provide the disclosure was willful or in bad faith, as opposed to inadvertent. *See id.* The Court should also consider whether the opposing party wrote to request the expert witness disclosure or noted its objections to the sufficiency of the expert witness disclosure, whether the discovery failure was an incomplete disclosure or a failure to timely supplement, and whether the information was provided to opposing counsel by alternative discovery methods. *See id.* With respect to the third factor, the Court is required to consider the potential prejudice to the opposing party, the most important consideration for which is, "the amount of time remaining before trial" and the potential for the "disruptive impact" this may have on trial. *Id.,* at 507-508. Lastly, the Court must consider whether a continuance can be "granted to cure the effects of prejudice caused by a failure to disclose," a remedy that can much more easily be afforded if there is no trial date. *See id.,* at 508.

## ARGUMENT

Granting leave to permit Plaintiff to file her Expert Witness Disclosure, which is attached contemporaneously herewith, *will* prevent injustice, as the latent disclosure was substantially justified and is harmless, as illuminated by the *Sullivan* four part test. Firstly, the hybrid fact/expert witnesses identified in Plaintiff's Expert Witness Disclosure are all of Plaintiff's treating physicians. The exclusion of the testimony of these hybrid fact/expert witnesses would be fatal to the Plaintiff's case, as their testimony is absolutely critical in proving the Plaintiff's damages. *See Sullivan,* 175 F.R.D. at 507. In fact, Defendants seek not only the exclusion of Plaintiff's latently disclosed hybrid fact/expert witnesses, but also seek as a draconian punishment, the exclusion of all of Plaintiff's medical records and bills that Defendants were timely provided several months ago. *See* Defendants' Motion at ¶15. It would be highly prejudicial and damaging to the Plaintiff's case to exclude not only her Expert

Witness Disclosure, but the admission of any medical records or bills, all of which were provided weeks prior to the discovery deadline in this case.

As to the second factor in this matter, simply put, Plaintiff admits that her Expert Witness Disclosure is untimely. Undersigned counsel drafted the Expert Witness Disclosure shortly after Defendants' removal, and mistakenly believed it had been filed timely. It was not until the undersigned was doing an in depth review of the file in the course of supplementing her discovery responses, that she realized the Expert Witness Disclosure had errantly not been filed. Defendants never, prior to filing this Motion in *Limine*, objected to the sufficiency of Plaintiff's expert witness identification or requested an identification of Plaintiff's expert witnesses. *See Sullivan,* at 507. Plaintiff's discovery failure was neither willful or in bad faith, it was simply inadvertent. *See id.* Immediately upon discovering the failure, undersigned counsel emailed defense counsel in an effort to cure the latent discovery and provided not only the Expert Witness Disclosure, but offered to accommodate whatever the Defendants required in order to obviate the Court's involvement and in order to ensure the Defendants were not prejudiced by failure to timely file the Expert Witness Disclosure. (*See* Ex. M and N). Furthermore, because Plaintiff has only designated her treating physicians, all of this information was readily available to the Defendants in the copious medical records and bills that were timely provided to the Defendants on March 10, 2017. (*See* Ex. G).

Defendants complain that "to date," "Plaintiff has…failed to supplement her prior discovery responses, regarding her intended experts" and that Plaintiff has "offered no explanation or justification whatsoever." *See* Defendants' Motion at ¶¶ 10, 12. These complaints are misplaced. As to the argument regarding a failure to supplement the discovery responses, the Courts are clear that written discovery is just one method of discovery of expert opinion testimony and that Plaintiff need not supplement her written Answers to Interrogatories if the corrective information has been provided. *See Sullivan,* 175 F.R.D., at 502. Given that Plaintiff emailed defense counsel and provided

a separate Expert Witness Disclosure, Plaintiff need not also formally supplement her Answer to Interrogatory No. 4. *See id.* Plaintiff has, above, now provided the basis for the failure, but given Defendants refusal to communicate with the undersigned and refusal to respond to the undersigned's email correspondence regarding the latent Expert Witness Disclosure, Plaintiff did not even have the opportunity to explain the reasoning for the discovery failure to the Defendants before Defendants filed their Motion in *Limine.* (See Ex. O).

As to the third *Sullivan* factor, the amount of prejudice the Defendants will suffer by admitting Plaintiff's Expert Witness Disclosure is minimal- particularly in comparison to the prejudice the Plaintiff will suffer by excluding the Disclosure. Primarily and most importantly, the trial date scheduled in this case is not slated to being until September 18, 2017, more than four months from today's date during which Defendants may conduct depositions. Plaintiff has already agreed to permit the Defendants to depose the hybrid fact/expert witnesses named in the Expert Witness Disclosure beyond the current discovery deadline of May 11, 2017 or to consent to a request of an extension of the discovery deadline to afford the Defendants sufficient time in order to depose whomever they would like. (*See* Ex. M). Defendants complain that the Plaintiff has named "thirteen experts" in her Disclosure and that they have insufficient time to depose *all* thirteen hybrid fact/expert witnesses. *See* Defendants' Motion, at ¶11. As the Court has indicated, in supplementing expert designations, Plaintiff is better suited to be over-inclusive rather than under-inclusive, but Plaintiff has also voluntarily averred to the Defendants that she is *only* calling Dr. Chad Zooker at trial[4]. *See Sullivan,* F.R.D. at 503; *see also,* Ex. M. Accordingly, although Defendants may *choose*

---

[4] To the extent that Defendants do not admit that Plaintiff's medical records and bills are authentic, fair and reasonable, and otherwise admissible, Plaintiff may need all of the other providers, but otherwise expects Dr. Zooker to offer an opinion consistent with the entirety of the Plaintiff's medical records and bills.

not to believe the Plaintiff and to depose all thirteen hybrid fact/expert witnesses, Plaintiff has made it clear Defendants need only depose one of the named hybrid fact/expert witnesses.

Furthermore, Defendants have conducted *ample* discovery regarding Plaintiff's medical treatment related to the Occurrence: (1) they have copious records from the Plaintiff, (2) they have deposed the Plaintiff, and *every* member of the Plaintiff's family who has knowledge of the Plaintiff's pain and suffering, (3) they have obtained 4 medical authorizations from the Plaintiff that they (presumably) have used to obtain exhaustive medical records from those named providers, (4) they have been aware that Dr. Shastine Abate, one of Plaintiff's named hybrid fact/expert witnesses, is Plaintiff's primary care physician since March 10, 2017, as Dr. Abate was named in Plaintiff's Answers to Interrogatories, (5) the Defendants *themselves* designated Plaintiff's own health care providers as expert witnesses in the Defendants' 26(a)(2) Disclosure and indicated they would be relying on Plaintiff's medical records as those experts' reports, and (6) Defendants have also issued subpoenas to at least three of Plaintiff's healthcare providers. (*See* Ex. G-K). Given that Defendants have had such wide latitude in discovering the Plaintiff's medical history and given that Plaintiff has averred she intends to produce no further medical records or bills in conjunction with this Expert Witness Disclosure, Defendants can hardly be said to have suffered significant prejudice by this Expert Witness Disclosure[5]. (*See* Ex. K).

Turning to the fourth aspect of *Sullivan,* a continuance of the discovery deadline can certainly be granted to cure the effects of the minimal prejudice caused to the Defendants by Plaintiff's failure to disclose, given that trial is not for another four months. *See Sullivan,* 175 F.R.D., at 508. Were the Defendants to suggest that four months is insufficient to conduct their depositions, Plaintiff would

---

[5] In fact, given that Defendants have repeatedly contacted Plaintiff requesting supplementation as to other aspects of her discovery responses and given that Defendants took time to file their own Expert Witness Disclosure in which they named Plaintiff's medical providers, it would seem that (1) Defendants were fully aware that Plaintiff had mistakenly neglected to file her Rule 26(a)(2) disclosure and chose not to mention it and (2) that they expected Plaintiff to latently file an Expert Witness Disclosure. *See Fields v. Allstate Corp.,* No. CIV.A. CBD-11-653, 2012 WL 1792639, at *2 (D. Md. May 15, 2012).

also readily consent to a continuance of the trial date to ensure Defendants had sufficient opportunity to depose the hybrid fact/expert witnesses named in Plaintiff's Expert Witness Disclosure.

Although *Sullivan* is the seminal case on remedies for fault expert witness disclosures, it is not the case that is factually the most in line with the case *sub judice. Ace American Ins. Co. v. McDonald's Corp.,* for example, is a premises liability case where the defendant filed a motion to strike the plaintiff's untimely Rule 26(a)(2) disclosures. *See Ace Am. Ins. Co. v. McDonald's Corp.,* No. CIV.A. GLR-11-3150, 2012 WL 2523883, at *1 (D. Md. June 28, 2012). In that case, the plaintiff filed its Rule 26(a)(2) disclosures *after* the Rule 26(a)(2) deadline but before the discovery deadline, and in its disclosure, only included the names and addresses of the plaintiff's treating physicians. *See id.* In denying the defendant's motion to strike, the Court found that although the plaintiff's Rule 26(a)(2) disclosure was untimely and incomplete, it was substantially justified or harmless because the litigation was at an early stage, no trial date had yet been set, the settlement conference had yet to occur, the testimony of the treating physicians was "critical," and because the plaintiff had believed (mistakenly) that it had complied with the Rule 26(a)(2) and Local Rule 104.10 rules. *See id.,* at 5.

In *Fields v. Allstate Corp.,* the defendant filed a motion for summary judgment when the plaintiff did not timely identify her expert witnesses in accordance with the Rules. *See Fields v. Allstate Corp.,* No. CIV.A. CBD-11-653, 2012 WL 1792639, at *2 (D. Md. May 15, 2012). In response to written discovery requests, the plaintiff identified her treating physicians and in response to the interrogatory which sought the identification of experts, plaintiff reserved the "right to call any and all of her treating physicians as expert witnesses in this case." *Id.* Notwithstanding the fact that the Court found that her discovery responses did not comply with the FED.R.CIV.P. 26 disclosure requirements and *also* found that plaintiff failed to provide an adequate reason for failing to properly disclose the experts, the Court declined to strike the disclosure of hybrid fact/expert witnesses. *See*

*id.,* at 3. In doing so, it noted that the defendant "should not be surprised that Plaintiff seeks to call her treating physicians to testify at trial," that plaintiff could cure her failure by making the experts available for deposition, that it would not disrupt the trial (which had not yet been scheduled), and that the extent of plaintiff's damages upon which the experts would opine were critical to plaintiff's case. *See id.* In denying the defendant's motion for summary judgment, the Court gave plaintiff a limited period to submit proper expert disclosures, an additional 60 days to the defendant to designate additional experts, and 45 days for the defendant to depose the experts designated by the plaintiff. *See id.,* at 4.

The discovery failure in the case *sub judice*, is closely in line with that which occurred in *Ace American Ins. Co. v. McDonald's Corp.* and *Fields v. Allstate Corp.*, and it is clear, based on the Court's ruling in those cases, that Plaintiff's failure here, albeit untimely disclosed, is substantially justified and/or harmless. In *Ace American Ins. Co.,* as in this case, the plaintiff filed its Rule 26(a)(2) disclosure after the Rule 26(a)(2) deadline, but before the discovery deadline, and it named only Plaintiff's treating physicians. *See Ace American Ins. Co.,* No. CIV.A. GLR-11-3150, 2012 WL at 1. Furthermore, the plaintiff, in that case, as in the case *sub judice,* mistakenly believed it had complied with the Rule and the testimony of those treating physicians was acknowledged as being critical. In *Fields*, the plaintiff reserved the right to call any of her treating physicians, and in the subject case, the Plaintiff reserved the right to call any expert witness identified by the Defendants (which in this case includes the Plaintiff's hybrid fact/expert witnesses). *See Fields,* No. CIV.A. CBD-11-653, 2012, at 2. The Defendants here, as in *Fields,* should not be, and likely are not, surprised that Plaintiff seeks to call her treating physicians to testify at trial. *See id.,* at no. 3.

## CONCLUSION

In summary, Plaintiff currently seeks leave of Court to file her belated Rule 26(a)(2) Disclosure past the Plaintiff's 26(a)(2) disclosure deadline. Her failure to file this Expert Witness

Disclosure was merely inadvertent and Plaintiff has made dedicated, good faith efforts to comply with not only this Court's deadlines, but to continuously supplement her discovery responses as promptly as possible. To exclude Plaintiff's Expert Witness disclosure would be a draconian sanction at this stage of the litigation and would stonewall Plaintiff from presenting any evidence of damages at trial, whereas the Defendants suffer minimal prejudice by permitting this latent Expert Witness Disclosure. The most appropriate remedy is not to exclude Plaintiff's Expert Witness Disclosure and all of her medical records and bills provided in discovery, as requested by the Defendants, but to grant Plaintiff leave of court to file the proposed Expert Witness Disclosure and afford Defendants additional time to designate additional expert witnesses, which would be in the interest of justice and fairness to the litigants as the discovery deadline has not yet expired and trial is not scheduled for many months. *See Sullivan, et supra.*

WHEREFORE, Plaintiff, Elizabeth Wiseman, respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave to File her Expert Witness Disclosure, thereby admitting Plaintiff's Expert Witness Disclosure and granting Defendants additional time to designate additional expert witnesses, deny Defendants' Motion in *Limine* to Exclude Plaintiff's Expert Witness Disclosure, and grant any other and such further relief as justice requires.

Respectfully submitted,

_____/s/_____
Scarlett M. Corso
Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
(410) 560-4999
*Attorney for Plaintiff*

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of May 2017 a copy of Plaintiff's Motion For Leave to File Expert Witness Designation and Response In Opposition to Defendants' Motion In *Limine* To Exclude Plaintiff's Expert Opinion Testimony and Related Information Including Medical Records and Bills Pursuant To Fed. R. Civ. P. 37(C)(1) was electronically filed and served via the Court's CM/ECF Systems upon:

Jennifer M. Alexander
BRASSEL ALEXANDER & RICE, LLC
888 Bestgate Road, Suite 200
Annapolis, Maryland 21401
*Attorney for Defendants*

\_\_\_\_\_/s/_____
Scarlett M. Corso