| Elizabeth Wiseman | IN THE UNITED STATES |
| --- | --- |
| Plaintiff, | DISTRICT COURT |
| v. | FOR THE DISTRICT OF |
| Wal-Mart Stores, Inc., et al | MARYLAND |
| Defendants. | CASE NO.: 1:16-CV-04030-RDB |

### PLAINTIFF'S ANSWERS TO INTERROGATORIES

Plaintiff, Elizabeth Wiseman, answers the Defendant Wal-Mart Stores East, LP Interrogatories, and states:

(a) The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure is that of the attorneys who in fact prepared these answers and the language does not purport to be the exact language of the executing party.

(c) The interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the interrogatories.

### ANSWERS TO INTERROGATORIES

1. State your full name, home address, employer name and address, date of birth, social security number, marital status, and spouse's name (if applicable).

ANSWER: Elizabeth Roberta Wiseman; 2709 Woodland Avenue, Baltimore, Maryland 21215; Meridian Management Group, Inc. located at 826 East Baltimore Street, Baltimore, Maryland 21202; December 21, 1954; the last four digits of Plaintiff's social security number are 9322; Plaintiff is divorced.

Ex. A

2. Give a concise statement of the facts upon which you expect to rely at trial in the above- captioned matter. Include in your answer the identity of all persons with personal knowledge of all facts alleged in the Complaint, stating the name, address, and phone number of every person who was an eyewitness to all or part of the alleged occurrence that is the subject matter of this lawsuit. If you have any written instrument upon which you are relying, attach to your Answers to these Interrogatories the original or an exact copy of any said written instrument.

ANSWER: **On June 28, 2014, Plaintiff and her granddaughter, Ayanna Wiseman, arrived at the Walmart store owned and operated by the Defendants located at 9750 Reisterstown Road in Owings Mills, Maryland (Store #2290) (the "Store") at approximately 2:30pm. They shopped at the store for about an hour prior to the Occurrence and utilized a shopping cart while they shopped. As Plaintiff approached the end of the detergent aisle, she suddenly slipped and fell in a dark liquid on the floor. There were no warning signs of the dangerous and hazardous condition caused by the dark liquid on the floor. Ayanna Wiseman ((443) 415-7301; 5723 Nasco Place, Baltimore, Maryland 21239) was not with the Plaintiff when she fell, but heard the Plaintiff scream as she fell. Another Walmart customer, Gloria Pleet ((410) 764-0167; 3803 Bancroft Road, Baltimore, Maryland 21215) was in the aisle that Plaintiff was turning into and witnessed the Occurrence. Ms. Pleet approached the Plaintiff after she fell and helped the Plaintiff up off the floor. Plaintiff did not see the dark liquid on the floor before she fell and does not know how long it had been on the floor prior to the Occurrence.**

3. Identify each person, other than a person intended to be called as an expert witness

at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

**ANSWER: Other than those previously mentioned, Plaintiff's son, Eric Wiseman, arrived at the store within an hour of the Occurrence and completed the purchase of the items the Plaintiff had picked out from the store; (443) 225-9152. Plaintiff's mother, Elizabeth Lee, is a witness to Plaintiff's pain and suffering; 2709 Woodland Avenue, Baltimore, Maryland 21215. Gisele Pelote, the Human Resources Director of SB & Company, LLC, has knowledge of Plaintiff's claim for lost wages; (410) 584-0060, 200 International Circle, #5500, Hunt Valley, Maryland 21030.**

4. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**ANSWER: Plaintiff has yet to identify any experts in this case, although it expressly reserves the right to do so at any stage prior to trial, in accordance with any deadlines established by the Court. Plaintiff also reserves the right to call any expert called or identified by any other party.**

5. Identify all persons to whom you or anyone on your behalf has given a written or recorded statement regarding the incident, including the date each statement was given, to whom it was given, and the present custodian of each of the statements. Attach an exact copy of any such statement(s) to your Answers to these Interrogatories.

**ANSWER: Gloria Pleet provided a written statement to the Defendants, which is reproduced with Plaintiff's Responses to Requests for Production of Documents.**

6. State in detail the date, time, and substance of any and all conversations you have had with any person, including an employee or representative of the Defendant, regarding the allegations made in Plaintiffs Complaint (excluding any conversation that may fall under the attorney-client privilege) and fully identify each such person. Describe in detail the substance of the entire conversation(s) and identify any individuals with personal knowledge of the conversation(s).

**ANSWER: Immediately after the Occurrence, a Walmart employee arrived to mop up the spill and placed warning signs on the floor. Plaintiff does not recall the substance of her conversations with any of the Walmart employees on the date of the Occurrence. Approximately 1-2 days following the Occurrence, Plaintiff received a telephone call from a Walmart store manager from the Store who asked Plaintiff how she was doing in her recovery. Plaintiff then received a second phone call from another employee from the Store within the same week who also asked Plaintiff how she was doing.**

7. State whether you have any written correspondence or any other documentation involving the allegations made in the Complaint, including calendars, letters, memorandums, journal entries, phone logs, photographs, or other written document, regarding these

allegations, fully identifying the author of any such document, the date authored, to whom the document was sent and the content of the document. Attach an exact copy of any and all such document(s) to your Answers to these Interrogatories.

**ANSWER: Plaintiff has a photograph from the scene of the Occurrence and photographs of her injuries, which are being produced with her Responses to Requests for Production of Documents. Plaintiff kept a calendar of her medical treatment visits, which will be provided to the Defendants. As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.**

8. Fully identify all economic and/or non-economic damages claimed by you as a result of this incident. Attach all supporting documents or your economic and/or non-economic damages claim, which you intend to use at the trial of this matter, to your Answers to these Interrogatories.

**ANSWER: Please see Plaintiff's Medical Records and Bills, Lost Wage Verification, and Co-Pay Documentation produced with Plaintiff's Responses to Requests for Production of Documents.**

| | |
|---|---|
| Patient First Owings Mills | $ 209.00 |
| 6/29/14 | |
| Orthopaedic Specialty Center | $ 15,037.00 |
| 6/30/14; 7/03/14; 7/09/14; 7/11/14; 7/14/14; 7/17/14; 7/18/14; 7/29/14; 8/18/14; 8/26/14; 9/04/14; 9/09/14; 9/11/14; 9/16/14; 9/18/14; 9/23/14; 9/25/14; 9/30/14; 10/02/14; 10/07/14; 10/09/14; 10/14/14; 10/16/14; 10/22/14; 10/24/14; 10/27/14; 10/29/14; 11/03/14; 11/07/14; 11/10/14; 11/14/14; 11/17/14; 11/21/14; 11/24/14; 11/26/14; 12/01/14; 12/05/14; 12/08/14; 12/12/14; 12/16/14; 12/22/14; 12/29/14; 1/02/15; 1/09/15; 1/16/15; 1/19/15; 1/26/15; 2/23/15 | |

| | |
|---|---|
| Advanced Radiology<br>7/09/14; 8/20/14 | $ 1,060.00 |
| Shastine Abate Practice<br>7/15/14; 8/19/14; 4/23/15 | $ 609.50 |
| Northwest Hospital<br>9/04/15 | $ 14,364.25 |
| LifeBridge Anesthesia Assoc., LLC<br>9/04/14 | $8,734.40 |
| Lost Wages<br>9/04/14-10/17/14 | $ 6,696.98 |
| Out of Pocket | $1,584.03 |
| **GRAND TOTAL** | **$48,295.16** |

9. Describe in detail the nature of the injuries alleged, whether the injury(ies) were temporary or permanent, and whether any medical treatment was required to address the alleged injuries. If so, attached to these answers an original or an exact copy of any and all medical records related to these allegations and a HIPAA release form for all health care treatment providers.

**ANSWER: Plaintiff injured the right side of her face, right eye, right shoulder, and right knee when she fell, and also ultimately experienced some discomfort to her left side as a result of the Occurrence. Plaintiff still experiences limited mobility and occasionally experiences pain in her right shoulder. She underwent extensive medical treatment for her injuries; Plaintiff's medical records and bills related to this Occurrence are produced with Plaintiff's Responses to Requests for Production of Documents.**

10. Describe all current symptoms, disabilities, and other physical or mental

conditions that you claim are as a result of the occurrence, and state whether they are temporary or permanent in nature.

**ANSWER: See Answer to Interrogatory No. 9.**

11. Identify each health care provider who has examined and/or treated you as a result of the occurrence, and all hospitals or other facilities at which you have been examined or treated as a result of the occurrence, and for each provider state the date and purpose of each examination or treatment and, if you were admitted, the dates of your admissions and discharges. Attach a HIPAA release form for all health care treatment providers referenced in your Answer.

**ANSWER: See Answer to Interrogatory No. 8.**

12. Identify all health care providers, other than those otherwise identified in your answers, who have examined or treated you during the period commencing ten (10) years prior to the occurrence and extending to the present, identify all hospitals and other facilities at which you were examined or treated, and describe the condition for which you were examined or treated. Attach a HIPAA release form for all health care treatment providers referenced in your Answer.

**ANSWER: Plaintiff objects and refuses to respond to this request to the extent that it is overly broad, vague, ambiguous, and unduly burdensome, and without sufficient definition and/or limitation. Subject to and without waiving said objections, to the best of Plaintiff's recollection, Plaintiff answers as follows: Plaintiff's primary care physician is Dr. Shastine Abate; 7004 Security Blvd #101, Windsor Mill, MD 21244. Plaintiff also treated with Sinai Hospital for chest pain. Plaintiff had previously treated for inflammation of her right shoulder in the weeks prior to the Occurrence with Dr. Abate and OrthoMaryland (to which**

she had been referred by Dr. Abate). Plaintiff had also obtained x-rays of her right shoulder in the weeks prior to the Occurrence from Advanced Radiology.

13. State whether you claim past or future loss of earnings or earning capacity as a result of the occurrence and, if so, state for each category the amount claimed, the method by which you computed that amount, the figures used in computation, and the facts and assumptions upon which your claim is based.

**ANSWER: Plaintiff is claiming past loss of earnings only as a result of the Occurrence. See Answer to Interrogatory No. 8 and Plaintiff's Lost Wage Verification produced with her Responses to Requests for Production of Documents.**

14. State the amount you reported as earned income on your federal income tax returns for each of the past five (5) years and whether you have a copy of the federal returns.

**ANSWER: Plaintiff objects as this information is unduly burdensome as Defendant has not demonstrated that lost wage information cannot be verified by other means, nor shown the need for such private confidential information be disclosed.**

15. Itemize all expenses and other economic damages, past and future, that you claim are a result of the occurrence; as to each item claimed, identify the item, the amount claimed for that item, the method, if any, by which you computed the amount, the figures used in that computation, and the facts and assumptions upon which your claim is based.

**ANSWER: See Answer to Interrogatory No. 8.**

16. State whether, at any time prior or subsequent to the occurrence, you sustained an injury for which you received medical care or treatment. If so, describe the nature, date and

circumstances of the injury and identify all health care providers, including hospitals and other institutions the furnished care to you. Attach a HIPAA release form for all health care providers referenced in your Answer.

**ANSWER: Plaintiff objects and refuses to respond to this request to the extent that "an injury for which you received medical care or treatment" is overly broad, vague, ambiguous, and unduly burdensome, and without sufficient definition and/or limitation. Subject to and without waiving said objections, see Answer to Interrogatory No. 12. Furthermore, Plaintiff slipped and fell in 2008 at Target and injured both knees; she underwent a limited course of physical therapy for those injuries at Maryland Orthopedics located at 10085 Red Run Blvd, Suite 303, Owings Mills, MD 21117; Plaintiff had fully recovered from those injuries prior to this Occurrence.**

17. State whether you have applied for any Medicare, Medicaid, or other federally-funded benefit with respect to the injuries or occurrence complained of in this action, and if so, for each such application:

(a) state the type of benefits involved;
(b) identify the funding source to which you applied;
(c) state the case number, policy number, or other identifier assigned to your application;
(d) state the amount of benefits paid, if any; and
(e) identify all documents that contain any of the information requested m this interrogatory.

**ANSWER: No.**

18. If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all

persons having possession, custody, or control of them.

**ANSWER: Plaintiff objects and refuses to respond to this Interrogatory as it seeks information which was prepared in anticipation of litigation and information which is protected by the attorney client privilege and attorney work product doctrine. Moreover, Plaintiff is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel. Without waiving these objections, Plaintiff reserves the right to rely on any documents or tangible things produced or identified by any party throughout the course of discovery. As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.**

19. State what exhibits, including demonstrative aids and/or charts, graphs, tables, photos, or other documents of any kind, you intend to use at the trial of this matter to support your claim, and fully identify the custodian of records of each exhibit, and attach an exact copy of any such exhibit to your Answers to these Interrogatories.

**ANSWER: Plaintiff objects and refuses to respond to this Interrogatory as it seeks information which was prepared in anticipation of litigation and information which is protected by the attorney client privilege and attorney work product doctrine. Moreover, Plaintiff is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel. Without waiving these objections, Plaintiff reserves the right to rely on any documents or tangible things produced or identified by any party throughout the course of discovery. As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.**

20. Identify any persons not yet named in discovery that you contend may have personal knowledge of the allegations in the Complaint, and give a complete statement of what you believe their personal knowledge is with respect to the instant allegations.

ANSWER: Other than those previously mentioned, none.

21. State whether you have ever filed a complaint for personal injury in the past or subsequent to this occurrence, and if so, the name of the parties involved, the case number, the jurisdiction where litigation was filed, and the outcome of the litigation.

ANSWER: No.

22. State whether you have ever been charged with a criminal act since the age of eighteen (18), and if so, state the case caption, case number, jurisdiction, nature of the charge, and disposition.

ANSWER: **Plaintiff objects to this Interrogatory, as the form of the question is not permissible under Maryland law (which limits the inquiry to the past 15 years) and which request information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and limiting the question to the past 15 years, none.**

23. State whether you had consumed any medication (whether prescription or over-the-counter), drugs of any kind, and/or alcohol of any type within forty-eight (48) hours of the allegations in the Complaint. If so, state what type of medication, drug, and/or alcohol, when it was consumed, the quantity consumed, and where the consumption took place.

ANSWER: Plaintiff objects and refuses to respond to this request to the extent that it seeks irrelevant information and is overly broad, vague, ambiguous, and unduly burdensome, and without sufficient definition and/or limitation. Subject to and without waiving said objections, Plaintiff had not consumed any alcohol or illegal drugs within the eight (8) hours prior to the Occurrence. Plaintiff had taken Carvedilol and Levothyroxine

Sodium, which is medication for her blood pressure, and Synthroid, which is medication for her thyroid, on the date of the Occurrence prior to the Occurrence.

24. Describe the physical location where the incident occurred, including whether there was a dangerous condition and, if so, how you believe the dangerous condition occurred, as well as when you noticed the existence of the dangerous condition.

**ANSWER: See Answer to Interrogatory No. 2**

25. State whether you contend the Defendant was aware, or should have been aware, of any such dangerous condition, and if your answer is in the affirmative, state each and every fact upon which you base your contention.

**ANSWER: Plaintiff objects to this Interrogatory on the basis that it seeks a legal conclusion. Without waiving the stated objection, Plaintiff was a paying business invitee of the Defendants' store at the time of the Occurrence and Defendants were exclusively responsible for owning, managing, and maintaining the Store. Defendants owed Plaintiff and others a duty to ensure that the floors were free of known or reasonably ascertainable hazardous conditions, or to warn their patrons of same, and failed to meet their obligation in that regard. Defendants should have been aware of the existence of the dark liquid on the floor prior to the Occurrence. Upon information and belief, Defendants possess video surveillance of the Occurrence, which will substantiate Plaintiff's allegation of notice in this regard. As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.**

I DO SOLEMNLY declare and affirm, under the penalties of perjury, that the contents of the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

*Elizabeth Wiseman*
Elizabeth Wiseman