# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELIZABETH WISEMAN | * |
| Plaintiff, | * |
| v. | * Civil Case No. 1:16-cv-04030-SAG |
| WALMART STORES, INC., *et al*. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Walmart Stores, Inc. ("Walmart") has filed a Motion in Limine seeking to exclude from evidence Plaintiff Elizabeth Wiseman's ("Plaintiff's") proffered expert opinion testimony and related medical information. [ECF No. 25]. Plaintiff filed an Opposition and Motion for Leave to File Expert Witness Disclosure, [ECF No. 26], and Walmart filed a Reply thereto, [ECF No. 28]. Walmart has also moved for sanctions against Plaintiff, including attorneys' fees, and Plaintiff has opposed the motion. [ECF Nos. 28, 31]. For the reasons set forth below, Walmart's Motion in Limine is DENIED in part and deferred in part; Plaintiff's Motion for Leave to File Expert Witness Disclosure is GRANTED in part and deferred in part; and Walmart's request for sanctions is DENIED.

## I. BACKGROUND

On June 28, 2014, Plaintiff slipped and fell while walking down the detergent aisle of Walmart Store #2290 in Owings Mills, Maryland. *See* Pl.'s Compl., [ECF No. 2]. Plaintiff alleges that the fall caused her significant and serious injury. *Id.* Plaintiff filed a complaint against Walmart in state court in November, 2016, and Walmart removed the matter to this court soon after. *See* [ECF No. 1]. Pursuant to a scheduling order, Rule 26(a)(2) disclosures were due

on February 27, 2017 and March 27, 2017 for Plaintiff and Walmart, respectively. [ECF No. 11]. On March 10, 2017, Plaintiff responded to Walmart's discovery requests, and produced, in relevant part, two hundred and thirty-four pages of bills and records relating to Plaintiff's medical treatment. Pl.'s Opp., [ECF No. 26-6, 3]. On March 27, 2017, Walmart timely submitted its Rule 26(a)(2) disclosures. [ECF No. 26-11]. Plaintiff, however, failed to submit any expert disclosures until April 27, 2017, two weeks before the discovery deadline, at which time she identified 13 treating physicians as "hybrid fact/expert witnesses[.]" [ECF No. 26-14]. In contemporaneous correspondence, Plaintiff's counsel informed opposing counsel that Plaintiff "only intend[s] to call Dr. Chad Zooker at trial, but [has] noted the other providers to the extent [the parties] are unable to agree to the authenticity and inadmissibility [(sic)] of … Plaintiff's medical bills and records." [ECF No. 26-13]. The instant motion followed. [ECF No. 25].

## II. THE LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In addition, Rule 26(a)(2)(B) requires parties to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997). A report is complete, and compliant with Rule 26(a)(2), if it is sufficiently detailed such that "surprise is eliminated, unnecessary depositions are avoided and costs are reduced." *Id.* at 503 (citations and internal quotation marks omitted). However, as set out in *Sullivan*, treating physicians are generally considered to be hybrid fact/expert witnesses and

> [t]o the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment

> of the patient – as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury – then *no Rule 26(a)(2)(B) statement should be required*.

*Id*. at 501 (emphasis added). For witnesses for whom no written report is required, a party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). *See* Loc. R. 104.10 (D. MD. 2016). Additionally, Federal Rule of Civil Procedure 26(e) requires that a party who has made a Rule 26(a) disclosure supplement that disclosure or response if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" Fed. R. Civ. P. 26(e)(1)(A).

"[A] party [that] fails to provide information or identify a witness as required by Rule 26(a) or (e), … is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) is self-executing and automatic. *See* Fed. R. Civ. P. 37(c) advisory committee note (1993). Rule 37(c)(1) also allows the court to "order payment of reasonable expenses, including attorney's fees, caused by the failure." *Id*.

In *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, the Fourth Circuit articulated five factors that lower courts should consider in determining whether a Rule 37(c)(1) violation was harmless or substantially justified:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose evidence.

318 F.3d 592, 596-97 (4th Cir. 2003). The non-disclosing party bears the burden of establishing that its Rule 26(a)(2) violation does not warrant preclusion. *Id.* at 597. Trial courts are conferred "broad discretion" in determining whether a party's noncompliance with Rule 26(a)(2) was substantially justified or harmless. *Id.* at 596. District courts need not expressly consider each *Southern States* factor when evaluating discovery violations.[1] *See Hoyle v. Freitliner LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

## III. DISCUSSION

### A. Expert Disclosure of Plaintiff's Treating Physicians

As a threshold matter, Plaintiff's Rule 26(a)(2) disclosure, which identifies 13 treating physicians as hybrid fact/expert witnesses and provides a summary of the subject matter, facts, and opinions about which the witnesses are expected to testify, satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(C). *See* [ECF No. 26-14]; Fed. R. Civ. P. 26(a)(2)(C); Loc. R. 104.10 (D. MD. 2016). Despite suggestions by Walmart to the contrary, Plaintiff is not required to produce a curriculum vitae or resume for these hybrid witnesses as part of Rule 26(a)(2)(C) disclosures. *See* Def.'s Mot., [ECF No. 25-1, 4]; *Sullivan*, 175 F.R.D. at 501. Of course, if requested in discovery, such documents should be produced.

Walmart correctly asserts that Plaintiff's expert disclosures were untimely, as they were submitted 59 days beyond the court-set deadline. Def.'s Mot., [ECF No. 25-1, 2]. *See* Fed. R. Civ. P. 26(a)(2)(A). Accordingly, this Court must determine the appropriate sanction. Walmart contends that the penalty for Plaintiff's improper expert disclosure lies in the "automatic exclusion" provision of Rule 37(c)(1). Def.'s Mot., [ECF No. 25, 3]. Walmart argues that the

---

[1] While both parties based their arguments on the four factors set forth in *Sullivan v. Glock*, this court will assess this matter under the test set forth in *Southern States.* The Fourth Circuit has specified that "a district court *should be* guided" by the five factors. *Southern States Rack and Fixture, Inc.*, 318 F.3d at 597 (emphasis added). However, the factors analyzed under both tests are similar enough that applying the *Southern States* test instead of the *Sullivan* test does not materially impact the arguments set forth by either party.

4

tardy disclosure was neither harmless nor substantially justified.  Specifically, Walmart contends that Plaintiff's excuse that the late disclosure was an "inadvertent mistake" is not substantial justification.  Def.'s Reply, [ECF No. 28, 6-7].  Walmart further argues that the untimely disclosure deprives them of the opportunity to depose Plaintiff's designated experts and to engage in expert rebuttal discovery before the discovery deadline.  Def.'s Mot., [ECF No. 25-1, 3-4].  Plaintiff, on the other hand, admits that her Rule 26(a)(2) disclosure is untimely, but insists that the failure was neither willful nor in bad faith.  Pl.'s Opp., [ECF No. 26, 9].  In addition, Plaintiff argues that the error is harmless because Plaintiff's witnesses are treating physicians, so their information was available to Walmart prior to disclosure; the amount of prejudice to Walmart is minimal, especially compared to the damage Plaintiff's case would suffer if her designated experts are excluded; and a continuance of the discovery deadline can cure the effects of the prejudice caused by Plaintiff's failure to disclose.  Pl.'s Opp., [ECF No. 26, 9-11].

Plaintiff's untimely disclosure was not substantially justified, and Plaintiff admits as much.  *See* Pl.'s Opp., [ECF No. 26, 9].  Consequently, the real inquiry is whether the error was harmless.  Walmart's ability to cure the surprise of the late disclosure is somewhat limited now that discovery is closed, with a trial date set for September 18, 2017.  *See* [ECF No. 20]. Additionally, due to Plaintiff's late submission, Walmart had to name its defense experts without review of Plaintiff's expert disclosures.  *See* Def.'s Mot., [ECF No. 25-1, 3-4].  Plaintiff claims that Walmart had access to information pertaining to Plaintiff's witnesses because all witnesses were treating physicians who were included in Plaintiff's medical records and bills.  *See* Pl.'s Opp., [ECF No. 26, 9].  However, since Plaintiff did not send the medical records and bills until March 10, 2017, ten days after her Rule 26(a)(2) disclosure deadline, *see* Pl.'s Opp., [ECF No.

26, 3], production of the records did not fully eliminate the harm caused by the late disclosure. Additionally, Plaintiff's explanation for the delay is not compelling.

Nevertheless, considering the importance of the evidence, a complete exclusion of Plaintiff's expert witness testimony would severely harm Plaintiff's case and is excessive, given that Plaintiff's error can largely be cured without such drastic measures. *See The Mayor and City Council of Baltimore v. Unisys Corporation*, No. 12-cv-614, 2013 WL 4784118, at *5 (D. Md. Sept. 5, 2013). Given the broad discretion district courts have in weighing the *Southern States* factors, the most appropriate resolution in this case is to render the untimely Rule 26(a)(2) disclosure harmless by (1) allowing discovery from Dr. Zooker and (2) considering, on a fact specific basis, whether exclusion of the other treating physicians' testimony is warranted. Prior to Walmart's Motion in Limine, Plaintiff offered to accommodate whatever Walmart required "in order to ensure the Defendants were not prejudiced by failure to timely file the Expert Witness Disclosure." Pl.'s Opp., [ECF No. 26, 9]. Walmart then requested that this Court grant "90 days of additional time to depose Dr. Zooker as well as an additional 60 days thereafter to designate any additional rebuttal expert witnesses." Def.'s Reply, [ECF No. 28, 4]. That proposal is reasonable. Accordingly, Plaintiff's error is rendered harmless by extending discovery as Walmart requests for the purpose of allowing Dr. Zooker's deposition and designation of rebuttal witnesses, and considering, as set forth below, whether Plaintiff's other hybrid expert witnesses should be excluded. A conference call will be held to set a new trial schedule to accommodate the additional expert discovery, which will not be completed by the September trial date.[2]

---

[2] Walmart has filed a motion for summary judgment on liability, [ECF No. 32], which is not yet ripe. The conference call will be scheduled after resolution of that motion, if the motion is denied.

## B. Experts Called for Purpose of Admitting Medical Records and Bills

Plaintiff seeks to call the other twelve treating physicians solely to admit medical records and bills. Walmart generally challenges the admissibility and relevance of those documents, if offered without expert testimony. Def.'s Mot., [ECF No. 25-1, 4]. In particular, Walmart contends that:

> [w]ithout any experts to introduce and explain the medical records and bills, Plaintiff is unable to meet her burden to show how the medical records and bills are causally related to the alleged negligence, and is unable to prove whether the medical bills are fair and reasonable to the treatment of the injuries.

*Id.* at 4-5.

The hearsay issues inherent in medical records and bills may be addressed by Federal Rule of Evidence 803(6), which states that: "[t]he following [is] not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: … A record of an act, event, condition, opinion, or diagnosis[.]" Fed. R. Evid. 803(6). Assuming Plaintiff satisfies the criteria set out in Rule 803(6)(A)-(E), medical records "'kept by hospitals and doctors often fit the [Rule 803(6)] exception and are routinely admitted.' The rule's reference to 'opinions' and 'diagnoses' suggests this result." *Doali-Miller v. Supervalu, Inc.*, 855 F. Supp. 2d 510, 517 (D. Md. 2012). As for medical bills, "documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy . . ." *Id.* at 516 (quoting *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204-05 (4th Cir. 2000)). As such, Plaintiff's medical bills and records properly disclosed before the discovery deadline are not excluded as hearsay, if the relevant provisions of Rule 803(6) are met.

Other factors also govern to the admissibility of the records and bills, however, since evidence is only admissible if relevant. *See* Fed. R. Evid. 401 (defining evidence as relevant if it has "any tendency" to make a fact of consequence to the issues in question "more or less

probable than it would be without the evidence."). Maryland law requires expert testimony to establish causation between the alleged negligence and the injuries reflected in medical records, as well the reasonableness and fairness of the medical bills as evidence of damages, "when a personal injury claim involves a 'complicated medical question' that 'falls within the province of medical experts[.]'" *Galloway v. Horne Concrete Const.*, 524 Fed. App'x. 865, 870 (4th Cir. 2013) (citing *Wilhelm v. State Traffic Safety Comm'n*, 230 Md. 91, 185 A.2d 715, 719 (1962)). Whether a case involves a "complicated medical question" is a fact-intensive inquiry, and "the seminal case of *Wilhelm*" sets out three categories of cases where expert testimony is unnecessary. *Id.* at 870-871. In applying *Wilhelm*, Maryland courts consider, among other circumstances, the nature and severity of Plaintiff's alleged injury; Plaintiff's past relevant medical history, if any; and the timing, nature, and necessity of medical treatment sought after the injury. *See, e.g., Shpigel v. White*, 357 Md. 117, 741 A.2d 1205 (1999); *Desua v. Yokim*, 137 Md. App. 138, 768 A.2d 56 (Md. Ct. Spec. App. 2001). Thus, to evaluate whether expert testimony is required as to a particular medical record or bill, and whether exclusion is warranted based on surprise and the importance of the evidence, this court requires more fact-specific information that has not been provided by either party. On or before **July 26, 2017**, Walmart should file a supplement identifying which of Plaintiff's medical records and bills it intends to challenge on grounds of causation and/or reasonableness. Plaintiff will have two weeks to respond, addressing (1) whether expert testimony would be required to establish the admissibility of each challenged record or bill and (2) if so, why exclusion of the expert for untimely designation is inappropriate. Walmart will have one week from Plaintiff's submission to reply.

IV. **CONCLUSION**

For the reasons set forth above, Walmart's Motion in Limine to exclude Plaintiff's expert opinion testimony, [ECF No. 25], is DENIED in part as to Dr. Zooker's testimony, and deferred as to testimony from Plaintiff's twelve other proposed expert witnesses. Conversely, Plaintiff's Motion for Leave to File Expert Witness Disclosure, [ECF No. 26], is GRANTED in part as to Dr. Zooker and deferred as to the other twelve treating physicians. The schedule will be modified to permit Walmart 90 days from the date of this order to depose Dr. Zooker, and 60 days thereafter to designate any additional rebuttal witnesses, and the parties will file additional submissions according to the schedule set forth herein. A new trial date will be scheduled, and the September 18, 2017 trial date will be removed from the calendar. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded to Walmart because relief is being denied in part.

A separate order is filed herewith.

Dated: July 5, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge